UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. BRYSON, Jr., | Case No.  1:13-cv-1979-LJO-MJS |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | **(ECF NO. 1)** |
| SUSAN B. GERSON, | **AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |
| Defendant. | |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this action under the Freedom of Information Act, 5 U.S.C. § 552.  (ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

I.    **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

1  any portion thereof, that may have been paid, the court shall dismiss the case at any

2  time if the court determines that . . . the action or appeal . . . fails to state a claim upon

3  which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4  **II.    PLEADING STANDARD**

5  A complaint must contain "a short and plain statement of the claim showing that

6  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

7  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

8  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

9  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

10 Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to

11 relief that is plausible on its face." Id. Facial plausibility demands more than the mere

12 possibility that a defendant committed misconduct and, while factual allegations are

13 accepted as true, legal conclusions are not. Id. at 677-78.

14 **II.    PLAINTIFF'S CLAIMS**

15 Plaintiff is currently housed at Atwater Penitentiary in Atwater, California.  Plaintiff

16 names as defendants (1) Susan B. Gerson, Assistant Director of the Executive Office

17 for United States Attorneys, (2) President Bush, and (3) their successors. Plaintiff brings

18 a sole claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

19 Plaintiff's allegations concern two FOIA requests. Plaintiff sent the first request to

20 the Executive Office for United States Attorneys on July 2, 2013, and sought

21 "information and any presented evidence" from the grand jury proceedings in Plaintiff's

22 underlying criminal case. Plaintiff sent the second request to Defendant Gerson at the

23 Executive Office for United States Attorneys on August 12, 2013, and sought

24 documents presented at trial in Plaintiff's criminal case.

25 Plaintiff did not receive a response to either request. He asks that the court order

26 the release of the requested records.

27

28

**III.    ANALYSIS**

With limited exceptions, government agencies must make records promptly available upon a request for records which "(i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A).

"On complaint, the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). "Under this provision, federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (internal quotation marks omitted) (quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." Id.

Plaintiff's Complaint sets forth when his FOIA requests were submitted, where he sent them, what information he sought, the government's failure to respond, and that the lack of a response was improper. Plaintiff has sufficiently alleged the substantive elements of a FOIA claim.

However, Plaintiff has failed to name a proper Plaintiff in this matter. Under 5 U.S.C. § 522(a)(4)(B), the only proper plaintiff in a FOIA action is the agency that allegedly improperly withheld documents. Drake v. Obama, 664 F.3d 774, 785 (9th Cir. 2011). The Court does not have jurisdiction over FOIA claims against Defendant Gerson or President Bush, and the Executive Office of United States Attorneys is not a party to this action. Accordingly, Plaintiff's complaint must be dismissed.

Plaintiff will be given leave to amend his complaint. If he chooses to do so, he is advised that he must name as a defendant the agency that allegedly improperly withheld documents.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must name an agency as defendant and must demonstrate that the agency improperly withheld agency records. Drake, 664 F.3d at 785; Tax Analysts, 492 U.S. at 142.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a copy of his Complaint, filed December 2, 2013;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

1    If Plaintiff fails to file an amended complaint in compliance with this order, the

2    Court will recommend that this action be dismissed, with prejudice, for failure

3    to state a claim and failure to comply with a court order.

4

5    IT IS SO ORDERED.

6    Dated:   August 13, 2014            /s/ *Michael J. Seng*

7                                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28