UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. BRYSON, JR.,<br><br>         Plaintiff,<br><br>   v.<br><br>SUSAN B. GERSON, et al.,<br><br>         Defendants. | CASE NO. 1:13-cv-1979-LJO-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY CERTAIN DEFENDANTS SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER**<br><br>**(ECF No. 11)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this action under the Freedom of Information Act, 5 U.S.C. § 552. (ECF No. 9.)

On September 19, 2014, the Court screened Plaintiff's first amended complaint, found that he stated a cognizable claim against some but not all of the named defendants, and ordered Plaintiff to notify the Court of his willingness to proceed only on the cognizable claims or to file an amended complaint. (ECF No. 11.) The deadline has passed without Plaintiff filing an amended complaint, notifying the Court of his willingness to proceed, or seeking an extension of time.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.

Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's order.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall show cause, if any exists, why the Executive Branch, United States of America; the United States Department of Justice; and the United States Attorney for the District of South Carolina should not be dismissed with prejudice for failure to comply with the Court's September 19, 2014 order; and

2. If Plaintiff fails to show cause, the Court will recommend that the Executive Branch, United States of America; the United States Department of Justice; and the United States Attorney for the District of South Carolina be dismissed with prejudice and that Plaintiff be provided with documents for service upon Defendant Executive Office for United States Attorneys.

IT IS SO ORDERED.

Dated:   October 31, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE